IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:95CR3045 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| ROBERT D. HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by the defendant, Robert D. Howell ("Howell") (filing 81), as supplemented by a second filing (filing 83, "Supplement to Motion to Vacate Under 28 USC 2255").[1] The motion will be denied. There is also a pending motion seeking leave to proceed in forma pauperis (filing 82), which I will deny as moot.

Howell was sentenced to a period of incarceration followed by supervised release. His supervised release began in February 1998. (Filing 59.) On December 6, 1999, after receipt of a report from Howell's probation officer that Howell violated the terms of his supervised release, I entered an order for the issuance of an arrest

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

warrant. (Filing 60.) Later, Howell advised this court that he was about to complete his sentence while under state custody. Accordingly, on June 12, 2000, I directed the United States Attorney and United States Probation Officer to investigate whether Howell should be brought before this court. (Filing 64.) On June 14, 2000, based on their response, I referred this matter to Magistrate Judge Piester for progression. (Filing 65.) Howell had an initial appearance before Judge Piester on allegations of violation of supervised release on August 16, 2000. (Filing 67). At the September 19, 2000 revocation hearing, Howell admitted that he violated the terms of his supervised release and was sentenced to one year and one day for that violation. (Filing 69.)

Howell's 2255 motion raises three claims. First, he asserts that his appointed counsel was ineffective in directing him to plead guilty to violation of the terms of his supervised release and in failing to raise a claim that Howell's due process rights were violated by the delay between the December, 1999 issuance of the arrest warrant and Howell's August 16, 2000 appearance before Magistrate Judge Piester on violation of his supervised release. Second, he asserts that the delay between issuance of the arrest warrant and his initial appearance on the supervised release violation violated Fed. R. Crim. P. 5 and his due process rights. Third, he asserts that the Assistant United States Attorney was guilty of prosecutorial misconduct because he obtained a conviction on the supervised release violation despite knowing about the amount of time between the arrest warrant and the initial appearance.

This case must be dismissed on initial review because it is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to impose a one-year statute of limitations on § 2255 motions. Section 2255 states in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Absent a later triggering date under subsections (2)-(4) above,[2] the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, that is, upon conclusion of direct review or at the end of the time for seeking such review.  Since there was no appeal, the defendant's conviction became final ten business days after the pronouncement of judgment or on or about September 30, 2000.  See Fed. R. App. P. 4(b)(1), 26(a); Kapral v. United States, 166 F.3d 565, 577 (3rd Cir.1999) ("[I]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")  One year later, the statute of limitations expired, that is, on or about September 30, 2001.  Howell filed his § 2255 motion in this court on March 10, 2005, more than two and a half years after expiration of the limitations period.

Accordingly,

---

[2]Howell has not claimed a later triggering date.  Claims of ineffective assistance of counsel can in some instances excuse procedural default (failure to raise an issue on direct appeal) but do not cause tolling of the limitations period for filing a § 2255 motion.

3

IT IS ORDERED that:

1. The defendant's § 2255 motion (filing 81, as supplemented by filing 83) is dismissed;

2. The defendant's motion to proceed in forma pauperis (filing 82) is denied as moot; and

3. Judgment shall be entered by separate document.

May 2, 2005.   BY THE COURT:

s/ Richard G. Kopf
United States District Judge